IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| WILLIAM H. SHOWERS, JR. and | * |
| GAIL S. SHOWERS, | * Chapter 13 |
| Debtors | * |
| | * Case No.: 1-04-00435MDF |
| AMERICAN GENERAL FINANCIAL | * |
| SERVICES, INC., | * |
| Objectant | * |
| | * |
| v. | * |
| | * |
| WILLIAM H. SHOWERS, JR. and | * |
| GAIL S. SHOWERS, | * |
| Respondents | * |

## OPINION

### Procedural and Factual History

Before me is the Objection of American General Financial Services ("American General") to the Chapter 13 Plan of William H. Showers, Jr. And Gail S. Showers ("Debtors"). American General holds a third mortgage on Debtors' principal residence, which has an estimated value of between $80,000.00 and $93,000.00. Washington Mutual Home Loan and Chevy Chase hold the first and second mortgages, respectively, which total $64,726.50. The plan proposes to cram down American General's secured claim from $34,333.54 (the amount stated in American General's proof of claim) to $8,304.00. American General argues that Debtors' attempt to cram down its mortgage violates 11 U.S.C. §1322(b)(2), which prohibits modification of a claim secured only by an interest in a debtor's principal residence. The matter

1

has been heard and briefs have been filed. The matter is ready for decision.[1]

## Discussion

Debtors assert that American General's mortgage may be modified under the terms of 11 U.S.C. § 1322(b)(2) because it is secured by more than Debtors' residence. Debtors argue that the mortgage at issue is outside the anti-modification provisions of Section 1322(b)(2) because the terms of the mortgage provide that American General also enjoys a security interest in "any and all existing or future leases, subleases, and any other written or verbal agreements for the use and occupancy of any portion of the Property...."[2] American General admits that the mortgage contains the above-quoted language. However, the mortgagee contends that it remains secured solely by debtor's principal residence because, in fact, there are no leases or subleases in existence and because such leases would arise only by virtue of the real estate in any event.

I agree with American General that under Pennsylvania law, "rents" are real property. *See* 21 Pa C.S. § 3; *In re Scarborough*, 2004 WL 2431544, *3 (E.D. Pa October 29, 2004)(under Pennsylvania law rents are real property); *In re Vincente*, 257 B.R. 168, 182 (Bankr. E.D. Pa. 2001)(language in mortgage granting security interest items such as rents does not create a security interest in personal property); *In re Wilkinson*, 189 B.R. 327, 329-30 (Bankr. E.D. Pa.

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(K) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

[2] In oral argument both parties referred to the provision in the mortgage as granting mortgagee an interest in "rents." A copy of the mortgage was not introduced into evidence. American General included the above referenced language in its brief and stated that the instrument was a "standard, preprinted Pennsylvania residential mortgage form."

2

1995)(security interest in rents is not security other than in real property that is debtors' principal residence).

Courts outside of Pennsylvania also have concluded that an interest in rents does not exclude a mortgagee from the protections of Section 1322(b)(2). In *In re Davis,* 989 F.2d 208, 211 (6th Cir.1993), the Sixth Circuit held that "rents, royalties, profits and fixtures" were mere terms of surplusage and did not increase the rights of the mortgagee in the real estate of the debtor. "[T]he clear weight of authority supports a finding that the addition of the boilerplate phrase "rents, royalties, profits, and fixtures" to a mortgage or deed of trust will not generally remove the claim from the protection of § 1322(b)(2)." *Id.* at 211. The court reasoned that the addition of such items "does not extend [the] security interest beyond items which are inextricably bound to the real property itself as part of the possessory bundle of rights." *See also, In re Eastwood,* 192 B.R. 96 (Bankr.D.N.J.1996) (where mortgage simply described "the fee simple absolute, with all its appurtenant hereditaments, mortgage sought no more than a lien on the fee). *In re Rosen,* 208 B.R. 345, 350 (D. N.J. 1997).

The Third Circuit cases cited by Debtors are distinguishable. In *In re Hammond,* 27 F.3d, 52, 56 (3d Cir. 1994), the Court permitted the bifurcation of a claim that was secured by appliance, machinery, furniture and equipment because all of these items clearly were personal property. The holding in *Sapos v. Provident Institution of Savings,* 967 F.2d 918, 925 (3d Cir.1992) is unavailing to Debtors as well. The Court of Appeals did not reach the issue of whether rents were real or personal property under Pennsylvania law because, in addition to rents, the security interest also covered household appliances, wall-to-wall carpeting, profits and appliances. In their argument and brief, Debtors apparently assume that a security interest in

3

leases is equivalent to an interest in rents; therefore, I reserve for determination at future date whether these interests are distinguishable. *See In re Miller*, 199 WL 1052509 (Bank. E.D. Pa.).

The Objection to the plan will be sustained. An appropriate order will follow.

BY THE COURT,

*[signature]*
Bankruptcy Judge

Date: December 13, 2004

*This electronic order is signed and filed on the same date.*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br> WILLIAM H. SHOWERS, JR. and <br> GAIL S. SHOWERS, <br>     Debtors <br><br> AMERICAN GENERAL FINANCIAL <br> SERVICES, INC., <br>     Objectant <br><br> v. <br><br> WILLIAM H. SHOWERS, JR. and <br> GAIL S. SHOWERS, <br>     Respondents | Chapter 13 <br><br> Case No.: 1-04-00435MDF |

## ORDER

AND NOW, the objection to plan filed in the above-captioned matter is hereby sustained.

BY THE COURT,

*/s/ Mary D. France*
Bankruptcy Judge

Date: December 13, 2004

*This electronic order is signed and filed on the same date.*